**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LORI B. BUSH,**

       **Plaintiff,**

**v.**                                **Civil Action No.   3:07CV123
(BAILEY)**

**MICHAEL J. ASTRUE,
Commissioner of Social
Security,**

       **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

I.    Introduction

    On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert  (Doc. 18) and the plaintiff's corresponding objections (Doc. 19).   Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.   However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived.   ***Thomas v. Arn****,* 474 U.S. 140, 150 (1985).   Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation (Doc. 18)** should be, and is, **ORDERED ADOPTED**.

II.    Factual and Procedural Background

On September 13, 2007, the plaintiff filed her Complaint (Doc. 1) seeking judicial review of an adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3).  By standing order of the Court, this case was referred to United States Magistrate Judge James E. Seibert for proposed findings of fact and a recommended disposition.  Thereafter, the parties filed their respective motions for summary judgment.  In support of her motion, plaintiff contends that the Administrative Law Judge (ALJ) erred by concluding that the claimant's mental impairments and fibromyalgia were not severe, by failing to consider the claimant's combined impairments, and by failing to consider that the claimant's combined impairments might equal a lung listing.  In addition, plaintiff contends that the ALJ's assignment of a light residual functional capacity ("RFC") is not supported by substantial evidence and that negative comments made by the ALJ evidence bias against the plaintiff and her counsel.

Following the commencement of this action, the plaintiff filed a Motion to Supplement the Record (Doc. 14) and a Motion to Supplement Transcript with Lost Documents (Doc. 15). As indicated in the Motion to Supplement the Record, the plaintiff seeks introduction of her  client intake form completed by a member of plaintiff's counsel's staff.  In support, the plaintiff contends that the form's admission is justified in order to refute the ALJ's charge that plaintiff first complained of mental health problems in a subsequent disability report.  In response, the United States argues that the admission of the forms in not warranted because the plaintiff failed to show that the forms are material.

Similarly, in regard to the Motion to Supplement Transcript with Lost Documents (Doc. 15), the plaintiff requests that medical records dated from June 6, 2003, through

February 2, 2007, be added to the record.  In support, the plaintiff contends that admission is appropriate because the documents show plaintiff's post-decision mental health treatments.  In response, the United States contends that relief is improper as the identified documents are cumulative.

Upon consideration, the Magistrate Judge found that the decision of the ALJ was supported by substantial evidence.  Specifically, the Magistrate Judge found that the ALJ considered plaintiff's mental impairments as severe and that any discounting of their level of severity was supported by substantial evidence.  In addition, the Magistrate Judge concluded that new evidence of plaintiff's fibromyalgia diagnosis does not render the ALJ's decision devoid of substantial evidence because the basis of plaintiff's diagnosis, subjective complaints of wide-spread pain, was considered by the ALJ in his credibility analysis.  Moreover, the Magistrate Judge found that the ALJ fulfilled his duty to consider plaintiff's impairments in combination and that the plaintiff's allegations concerning the ALJ's failure to consider an analogous lung listing are without merit.  As a final matter, the Magistrate Judge found that the ALJ's assignment of a light work RFC is supported by substantial evidence and that the claimant failed to show any bias on the part of the ALJ.

In response to the above, the plaintiff filed her Objections to the Report and Recommendation (Doc. 19) on August 31, 2008.  There, the plaintiff contends that the Magistrate Judge erred in upholding the devaluation of the plaintiff's severe mental health impairments, which were corroborated through the treatment records provided to the Appeals Council.  In addition, the plaintiff alleges that the Magistrate Judge erred in upholding the omission of fibromyalgia as a severe impairment in light of the post-decision diagnosis and the new treatment evidence presented to the Appeals Council.  Further, the

plaintiff objects that, without considering fibromyalgia as a severe impairment, the ALJ could not properly consider plaintiff's combined impairments as found by the Magistrate Judge. Moreover, the plaintiff takes issue with the finding of the Magistrate Judge that Dr. Pascasio's RFC indicated that the plaintiff was capable of performing light work. Additionally, the plaintiff contends that the Magistrate Judge is incorrect in his finding that substantial evidence supports the ALJ's assignment of a light RFC and, further, requests that the Court admonish the ALJ for his alleged use of unnecessarily negative comments in the decision.

III.    Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its

burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  **Fed. R. Civ. P. 56(c)**; *Celotex Corp.*, 477 U.S. at 323-25; *Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249 (citations omitted).

IV.    <u>Discussion</u>

In evaluating the plaintiff's first objection, that the ALJ improperly minimized plaintiff's severe mental impairments, the Court concurs with the finding of the Magistrate Judge. Specifically, the plaintiff points to treatment records submitted to the Appeals Council, indicating a diagnosis of anxiety and depression of a moderate severity, to undermine the Magistrate Judge's support for the ALJ's devaluation of the degree of severity of plaintiff's mental impairments.  However, while the records submitted to the Appeals Council provide additional documentation for plaintiff's mental impairments, they are not immune from the same criticisms levied against the plaintiff's prior evidence before the ALJ.  This Court notes that the records submitted to the Appeals Council also appear entirely based on plaintiff's subjective complaints and fail to establish an independent treatment history for mental illness prior to submission of plaintiff's disability report.  As such, the plaintiff has failed to show that the Magistrate Judge erred in his support for the ALJ's treatment of plaintiff's severe mental health impairments.

Turning next to plaintiff's charge that the Magistrate Judge improperly supported the ALJ's omission of fibromyalgia as a severe impairment in light of the post decision diagnosis submitted to the Appeals Council, this Court concurs with the finding of the

Magistrate Judge.  This Court notes that the basis for the fibromyalgia diagnosis, the plaintiff's subjective complaints of pain, was considered by the ALJ in the credibility analysis.  Moreover, the ALJ found such complaints to be less than entirely credible.  As such, the Court finds that the subsequent fibromyalgia diagnosis, based on plaintiff's subjective complaints of pain both considered and rejected by the ALJ, does not erode the substantial evidence supporting the ALJ's decision.  Moreover, it is for this very same reason that plaintiff's challenge to the ALJ's combined impairment analysis due to its omission of fibromyalgia as a severe impairment must also fail.

In regard to plaintiff's objection concerning the ALJ's failure to consider that plaintiff's combined impairments might equal a lung listing, the Court agrees with the finding of the Magistrate Judge.  Here, the Court finds that Dr. Pascacio's RFC Assessment indicating that the plaintiff could perform light work did not suggest that the plaintiff's combined impairments might equal a lung listing.  This Court notes that drawing such an inference would be inconsistent with Dr. Pascacio's determination that plaintiff did not require any limitation on her exposure to "fumes, odors, dusts, gases, poor ventilation, etc." (Tr. 335).

Turning next to the formulation of plaintiff's RFC, the Court finds that substantial evidence supports the ALJ's finding that the plaintiff retained the capacity to perform light work with a sit/stand option.  In response to this finding of the Magistrate Judge, the plaintiff objects that she is unable to perform substantially all of the requirements of light work due to her standing and walking limitations.  As noted in 20 C.F.R. § 404.2567(b), a job falls into the light work category "when it requires a good deal of sitting or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."

Moreover, the regulations defining light work explicitly contemplate the application of additional limiting factors. *See* 20 C.F.R. § 404.2567(b) (noting that "[i]f someone can do light work, we determine that he or she can also do sedentary work, *unless there are additional limiting factors*") (emphasis added).

Given the above, the Court adopts the finding of the Magistrate Judge that the ALJ's formulation of plaintiff's RFC is supported by substantial evidence. This Court notes that Dr. Pascacio and Dr. Franyutti both found plaintiff's lifting limitations to be consistent with light work. Moreover, to the extent that Dr. Pascacio and Dr. Franyutti expressed concern about plaintiff's ability to stand and walk for longer durations, the Court finds that the ALJ's additional limitation of a sit/stand option, for the portion of the light work category, which would require a good deal of sitting and standing, is a sufficient accommodation. Further, the Court does not take issue with ALJ's finding that the claimant's extensive life-style evidence suggests that her mental impairments and physical limitations are not as severe as alleged or found on the basis of her subjective complaints.

Finally, this Court agrees with the Magistrate Judge, that the plaintiff failed to show any evidence of actual bias toward the plaintiff. Here, plaintiff objects that she did not claim actual bias on the part of the ALJ but rather that the negative comments toward plaintiff and plaintiff's counsel in the decision indicate general bias. As a result of these comments, the plaintiff requests that the Court "admonish the ALJ to refrain from including such derogatory and offensive remarks in his decision, which tends to create an appearance of bias towards the claimant and counsel." (Doc. 19, pp. 9).

Initially, it bears mention that "[f]ederal courts do not admit and suspend federal ALJs. Absent any general supervisory authority over federal ALJs, federal courts have no

inherent power to enforce state judicial conduct standards over them in the same manner that federal courts may enforce state professional conduct standards over attorneys." *Lowry v. Barnhart*, 2002 WL 31487640 (D. Or. Feb. 15, 2002).  Moreover, district courts may not conduct independent discovery to bolster a claimant's charge of general bias.  *See Grant v. Shalala*, 989 F.2d 1332, 1344 (3d Cir. 1993) (finding that "such fact-finding would have a deleterious effect on the independence of ALJs and thus on the administrative process").  Nevertheless, established procedures exist for social security claimants to file claims of bias against ALJs with the Office of Hearings and Appeals of the Social Security Administration.  *See* Social Security Administration Procedures Concerning Allegations of Bias or Misconduct by Administrative Law Judges, 57 Fed. Reg. 49186 (Oct. 30, 1992).  In light of the foregoing, the Court declines plaintiff's invitation to admonish the ALJ for alleged general basis on account of the statements at issue.

V.      Pending Motions

As noted above, on February 14, 2008, the plaintiff filed a Motion to Supplement the Record (Doc. 14) seeking admission of plaintiff's client intake forms.  In support, the plaintiff contends that the admission of the forms, completed by a member of plaintiff's counsel's staff, is necessary in order to refute the ALJ's charge that plaintiff first complained of mental health problems in a subsequent disability report submitted after the plaintiff retained counsel.  In response, the United States argues that the admission of the forms in not warranted because the plaintiff failed to show that the forms are material.

The law is well settled that a "[d]istrict court may only order additional evidence to be taken before the Commissioner upon a showing that there is new evidence which is

material and that there is good cause for the failure to incorporate such evidence in a prior proceeding." *Smith v. Chater*, 99 F.3d 635, 638 n. 5 (4th Cir. 1996). Moreover, evidence is considered new "if it is not duplicative or cumulative" and "material if there is a reasonable possibility that the new evidence would have changed the outcome." ***Wilkins v. Sec'y, Dep't or Health & Human Servs.***, 953 F.2d 93, 96 (4th Cir. 1991).

Turning to the case bar, the Court agrees with the finding of the Magistrate Judge that the plaintiff failed to show cause for omission of the intake forms from the original record. Furthermore, the Court finds that the plaintiff has failed to show that the admission of the forms would result in a reasonable probability of a different outcome. This Court notes that while the forms and their content predate the disability report filed on August 13, 2004, the forms are dated the very same day that plaintiff retained counsel. As such, the plaintiff has failed to show how the ALJ's concern regarding the emergence of plaintiff's mental health complaints reasonably would have been assuaged by the intake forms, created contemporaneously with the retention of counsel. Therefore, the Court adopts the finding of the Magistrate Judge, that the plaintiff's **Motion to Supplement the Record (Doc. 14)** should be, and is, **DENIED**.

In addition to the Motion to Supplement the Record (Doc. 14), on February 14, 2008, the plaintiff filed her Motion to Supplement Transcript with Lost Documents (Doc. 15). There, plaintiff requests that medical records dated from June 6, 2003, through February 2, 2007, be to added to the record. In support, the plaintiff contends that admission is appropriate because the documents show plaintiff's post-decision mental health treatments. In response, the United States contends that relief is improper as the identified documents

are cumulative.

After review, the Court concurs with the finding of the Magistrate Judge, that admission is not warranted because the documents are not material. Here, it bears mention that identified medical records do not establish an elevated level of severity for plaintiff's depression. Therefore, the plaintiff has failed to show that there is a "reasonable possibility that the records would have changed the outcome of the case." *See **Wilkins***, 953 F.2d at 96. Accordingly, the Court adopts the finding of the Magistrate Judge, that the **Motion to Supplement Transcript with Lost Documents (Doc. 15)** should be, and is, **DENIED**.

## VI. Conclusion

For the foregoing reasons, and those more fully stated in the Report and Recommendation of the Magistrate Judge (Doc. 18), the Court hereby **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Doc. 18)** is hereby **ADOPTED**;

2. That the **Plaintiff's Motion for Summary Judgment (Doc. 13) is DENIED**;

3. That the **Defendant's Motion for Summary Judgment (Doc. 16)** is **GRANTED**;

4. That the **Plaintiff's Motion to Supplement the Record (Doc. 14)** is **DENIED**;

5. That the **Plaintiff's Motion to Supplement Transcript with Lost Documents (Doc. 15)** is **DENIED**; and further

6. That this case be **CLOSED and STRICKEN** and from the active docket of

the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated:  September 17, 2008.


JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE